2016-0135 (La.App. 1 Cir. 10/28/16)

**Breanne BOUQUET, Chris Bouquet, Individually, and on behalf of their Minor Children, Ronnie Bouquet and Keira Bouquet**

v.

**Shaundrieka WILLIAMS, Bush Truck Leasing, Inc. Geico General Insurance Company, and Liberty Mutual Insurance Company**

2016 CA 0135

Court of Appeal of Louisiana, First Circuit.

OCTOBER 28, 2016

See also 2016 WL 6350806.

Andre' P. LaPlace, Baton Rouge, Louisiana, Attorneys for Plaintiffs/Appellants, Breanne Bouquet, et al.

Brent E. Kinchen, Benjamin H. Dampf, Baton Rouge, Louisiana, Attorneys for Defendant/Appellee, Subcontracting Concepts, Inc.

James R. Nieset, Jr., Kristopher M. Gould, Kelsey L. Jarrett, New Orleans, Louisiana, Attorneys for Defendants/Appellees, Hackbarth Delivery Service, Inc. and Travelers Indemnity Company of Connecticut

Shawn C. Collins, Rachel M. Roe, Baton Rouge, Louisiana, Attorneys for Defendant/Appellee, Liberty Mutual Fire Insurance Company

BEFORE: PETTIGREW, McDONALD, and DRAKE, JJ.

McDONALD, J.

This case involves an automobile accident wherein a courier driver changing lanes forced a fellow motorist into a bridge guard rail. The injured motorist and her

family filed a personal injury suit against the courier driver, the courier broker, and the delivery service for whom the courier was making a delivery. The trial court granted summary judgment in favor of the courier broker and the delivery service, denied partial summary judgment to the plaintiffs on the issue of insurance coverage, and dismissed the plaintiffs' suit. In this appeal, the plaintiffs appeal the judgment in favor of the delivery service and denying their motion for partial summary judgment. In a related appeal, 2016 CA 0134, the plaintiffs appeal the judgment granting the courier broker's motion for summary judgment.[1] Here, we reverse the summary judgment in favor of the delivery service and affirm the denial of partial summary judgment in favor of the plaintiffs.

## FACTUAL AND PROCEDURAL BACKGROUND

Hackbarth Delivery Services, Inc. is a carrier for hire in the business of arranging deliveries. Subcontracting Concepts, Inc. (SCI) is an entity that brokers courier and messenger services, manages transportation resources for delivery services, and furnishes administrative services for its customers. In 2003, Hackbarth and SCI executed an Assignment Agreement, whereby SCI would provide "independent contractors" to Hackbarth to complete Hackbarth's deliveries. In 2012, SCI and Shaundrieka Williams executed an Owner/Operator agreement, whereby Ms. Williams would be a courier driver. On April 3, 2013, Ms. Williams was driving her brother's vehicle eastbound over the Mississippi River Bridge from Port Allen to Baton Rouge, Louisiana, en route to make a delivery for Hackbarth. It is undisputed that, while changing lanes, Ms. Williams struck a vehicle being driven by Breanne Bouquet, who was also proceeding eastbound over the bridge on her way to work. Ms. Bouquet's vehicle was forced into the bridge guard rail and she was injured.

Ms. Bouquet and her husband, Chris Bouquet, individually and on behalf of their two minor children, filed this suit against Ms. Williams; her brother, Anthony Williams; GEICO Casualty Company, her brother's automobile insurer; and Liberty Mutual Fire Insurance Company, the Bouquets' uninsured/underinsured motorist insurer. The Bouquets later settled their claims with the Williamses and GEICO and the suit was dismissed with prejudice as to these defendants.[2] The Bouquets amended their petition to add Hackbarth, SCI, and Travelers Indemnity Company of Connecticut, alleging that Hackbarth and SCI were Ms. Williams' employers, that Travelers was Hackbarth's automobile insurer, and that Hackbarth's Travelers policy provided coverage for Ms. Williams' acts. The defendants answered the Bouquets' petition, denying liability, and claiming that Ms. Williams was not a Hackbarth or SCI employee, but rather was an independent contractor of SCI, and further, that Hackbarth's Travelers policy did not provide coverage.

After discovery, the Bouquets filed a motion for partial summary judgment contending that, as a matter of law, the Travelers policy afforded coverage to a "leased

---

1. By order dated May 12, 2016, this court denied the Bouquets' motion to consolidate the appeals but ordered that they be assigned to the same appellate panel and docket.

2. Liberty Mutual later filed a cross claim against Hackbarth and SCI to recover UM coverage payments it made to the Bouquets—that cross claim is not at issue here. Also, the Bouquets' claims against Bush Truck Leasing, Inc., another originally named defendant, were ultimately dismissed without prejudice.

worker," such as Ms. Williams, when she was involved in the accident while making a delivery for Hackbarth. Hackbarth and SCI then filed separate motions for summary judgment as to Ms. Williams' status as an employee/independent contractor. After a hearing, the trial court took the matter under advisement. On August 13, 2015, the trial court signed two judgments: (1) one judgment granted Hackbarth's motion for summary judgment, denied the Bouquets' motion for partial summary judgment, and dismissed the Bouquets' claims against Hackbarth and Travelers with prejudice; and (2) the other judgment granted SCI's motion for summary judgment and dismissed the Bouquets' suit.

In this appeal, the Bouquets challenge the trial court's summary judgment in favor of Hackbarth and the denial of their motion for partial summary judgment.

## SUMMARY JUDGMENT AND EMPLOYEE OR INDEPENDENT CONTRACTOR STATUS

In their first assignment of error, the Bouquets contend the trial court erred in granting summary judgment to Hackbarth, because there are genuine issues of material fact as to whether Ms. Williams was an independent contractor or employee of Hackbarth.

In the related appeal, 2016 CA 0134, we reversed the summary judgment in favor of co-defendant SCI based on the Louisiana Supreme Court's action in *Robicheaux v. Tate*, 12–0241 (La.App. 1 Cir. 12/21/12), 111 So.3d 401, *reversed*, 13–0176 (La. 4/1/13), 110 So.3d 134. On appeal, Hackbarth argues that *Robicheaux* "is not binding in this case" but does not explain why. After reviewing the record and the parties' arguments, we reach the same conclusion as in 2016 CA 0134 and are constrained to reverse the summary judgment in favor of Hackbarth on the issue of Ms. Williams'

status as an employee/independent contractor. Here, we adopt and incorporate the facts, law, and analysis set forth in 2016 CA 0134. We now turn to the Bouquets' second assignment of error.

## SUMMARY JUDGMENT UNDER TRAVELERS INSURANCE POLICY

█ The Bouquets contend the trial court erred in denying their motion for partial summary judgment on the issue of whether the Travelers policy provided coverage for Ms. Williams' acts as a leased worker to Hackbarth, irrespective of her status as an employee or independent contractor of Hackbarth or SCI.

█ Summary judgment is usually appropriate to resolve a dispute regarding whether an insurance policy as a matter of law provides or precludes coverage. *See Draayer v. Allen*, 15–1150 (La.App. 1 Cir. 4/15/16), 195 So.3d 78, 81. A plaintiff has the burden of proving all facts essential to recovery and to establish that the claim falls within the policy coverage. *McDonald v. American Family Life Assur. Co. of Columbus*, 10–1873 (La.App. 1 Cir. 7/27/11), 70 So.3d 1086, 1089. Summary judgment declaring a lack of coverage may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence, under which coverage could be afforded. *Id.*

The Bouquets argue that the Travelers policy definition of "leased worker" includes Ms. Williams. They contend that Hackbarth and SCI had a contract in which Hackbarth paid SCI to provide courier drivers and that a reasonable interpretation of the policy would encompass Ms. Williams as a "leased worker" operating automobiles not owned by Hackbarth when being used in the course and scope of Hackbarth's delivery business. In oppo-

sition, Hackbarth argues that vicarious liability is prerequisite for liability coverage under its Travelers policy, and it is only after vicarious liability is established that the policy can be examined to see if Hackbarth, as the insured, is liable to a plaintiff.

It is undisputed that Travelers automobile insurance policy # 840-3B568789 was in effect on the date of the subject accident and that Hackbarth was the named insured under the policy. Under the policy, Travelers agreed to pay "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage'... caused by an 'accident' and resulting from the ... use of a covered 'auto'."[3] An "insured" is defined to include an 'employee' so long as the covered auto is not owned by the employee.[4] An "employee" is defined to include a "leased worker."[5] A "[l]eased worker" means "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business."[6] And, a covered "auto" includes a "non-owned" auto that is "used in connection with your business" and includes a "private passenger type" "auto" "owned by your 'employees' ... but only while used in your business or your personal affairs."[7]

Under *Robicheaux,* as discussed in our opinion in 2016 CA 0134, there remain genuine issues of material fact as to whether Ms. Williams is Hackbarth's employee or an independent contractor. Until the issue of Ms. Williams' status is determined on remand, the further issue of whether she is covered under the Travelers policy as an employee or as a leased worker cannot be determined in the context of a motion for summary judgment. Thus, although the trial court erred in concluding Ms. Williams is not an insured under the Travelers policy,[8] the trial court did not err in denying summary judgment to the Bouquets on the coverage issue.

## CONCLUSION

For the above reasons, the August 13, 2015 judgment is reversed insofar as it granted Hackbarth Delivery Services, Inc.'s motion for summary judgment, and dismissed the claims of Breanne and Chris Bouquet, individually and on behalf of their two minor children, against Hackbarth Delivery Services, Inc. and Travelers Indemnity Company of Connecticut. The judgment is affirmed insofar as it denied Breanne and Chris Bouquets' motion for partial summary judgment on the issue of insurance coverage. This matter is remanded for further proceedings. Costs of this appeal are assessed one-half to Hackbarth Delivery Services, Inc. and one-half to Breanne and Chris Bouquet.

3. Travelers Policy# 840-3B568789, Motor Carrier Coverage Form, Section II.A.—Liability Coverage—Coverage.

4. Travelers Policy# 840-3B568789, Motor Carrier Coverage Form, Section II.A.1.—Who is An Insured.

5. Travelers Policy# 840-3B568789, Motor Carrier Coverage Form, Section VI.F—Definitions.

6. Travelers Policy# 840-3B568789, Motor Carrier Coverage Form, Section VI.I.—Definitions.

7. Travelers Policy# 840-3B568789, Motor Carrier Coverage Part Declarations, Item Two.A. Coverage and Limits of Insurance and Motor Carrier Coverage Form, Section I.A.—Description of Covered Auto Designation Symbols.

8. Above the decretal language, the August 13, 2015 judgment states "that Shaundrieka Williams is not an insured under the commercial automobile liability policy issued to Hackbarth Delivery Service, Inc. by Travelers."

**REVERSED IN PART; AFFIRMED IN PART; REMANDED.**