STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

20-541

MITCHELL BAUDOIN

VERSUS

AMERICAN GLASS AND MIRROR WORKS, INC., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 86,404, DIV. B
HONORABLE SUZANNE DEMAHY, DISTRICT JUDGE

**********

JONATHAN W. PERRY
JUDGE

**********

Court composed of D. Kent Savoie, Jonathan W. Perry, and J. Larry Vidrine*,
Judges.

AFFIRMED.

*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Charles Brandt**
**Brandt & Sherman, L.L.P.**
**111 Mercury Street**
**Lafayette, Louisiana 70503**
**(337) 800-4000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Mitchell Baudoin**

**Sean P. Mount**
**Bryce M. Addison**
**Deutsch Kerrigan, L.L.P.**
**Magazine Street**
**New Orleans, Louisiana 70130**
**(504) 581-5141**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Accident Insurance Company**

**Charles Goudeau**
**130 Demas Drive**
**Lafayette, Louisiana 70506**
**PRO SE DEFENDANT**

**Brent Maggio, Esq.**
**Allen & Gooch**
**Two Lakeway Center, Suite 630**
**3850 N. Causeway Blvd.**
**Metairie, Louisiana 70002**
**(504) 836-5260**
**COUNSEL FOR DEFENDANT:**
**Charles Goudeau d/b/a**
**Charles Goudeau General Contractor**

**Michael W. Campbell**
**Lauren Camel Begneaud**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**100 E. Vermilion, Suite 201**
**Lafayette, Louisiana 70501**
**(337) 232-6581**
**COUNSEL FOR DEFENDANTS:**
**American Glass and Mirror Works, Inc.,**
**American Windshield Replacement and Repair, Inc., and**
**National Trust Insurance Company**

**M. Joey Bernard**
**Burglass & Tankersley, LLC**
**5213 Airline Drive**
**Metairie, Louisiana 70001-5602**
**(504) 836-0422**
**COUNSEL FOR DEFENDANT:**
**Potty Girl, LLC**

**Colin P. O'Rourke**
**Bienvenu, Bonnecaze, Foco & Viator**
**4210 Bluebonnet Boulevard**
**Baton Rouge, Louisiana  70809**
**(225) 388-5600**
**COUNSEL FOR INTERVENOR:**
     **LUBA Casualty Insurance Company**

**PERRY, Judge.**

Plaintiff, Mitchell Baudoin, brought this action seeking recovery for personal injuries received in a construction site accident. The trial court granted a motion for summary judgment filed by defendant, Accident Insurance Company ("AIC"), and dismissed plaintiff's claims as to it. Plaintiff suspensively appeals this judgment, and for the reasons assigned, we affirm.

### FACTS AND PROCEDURAL HISTORY

Charles Goudeau d/b/a Charles Goudeau General Contractor ("Goudeau") was the general contractor for a new construction project in Breaux Bridge, Louisiana. On March 6, 2017, plaintiff was installing flooring at the aforementioned construction site for Southern Tile Company, Inc. ("Southern Tile") and was injured when he was struck by a vehicle being operated by Chad Fritz ("Fritz")[1] after exiting a portable restroom.

On February 20, 2018, plaintiff instituted this action against Goudeau and his insurer, AIC, among others, for personal injuries.[2] AIC issued a commercial general liability policy ("CGL policy") to Goudeau, numbered CPP000032605, that was effective from January 7, 2017, to January 7, 2018.

Plaintiff's petition, in relevant part, alleged that plaintiff's accident and attendant injuries were caused by the negligence of Goudeau in the following non-exclusive respects:

   a) In placing the port-a-potty in or near a travel lane which he should have known would be traversed by motor vehicles;

   b) In facing the exit of the port-a-potty in such a manner that it exited onto a travel lane known to have vehicular traffic upon it;

---

[1] Plaintiff's petition alleges Fritz was an employee of American Glass and Mirror Works, Inc. and/or American Windshield Replacement and Repair, Inc. (hereinafter collectively referred to as "American Glass").

[2] Plaintiff also asserted claims against Fritz; American Glass; National Trust Insurance Company ("National Trust"); Potty Girl, LLC; and Burlington Insurance Company.

c) In failing to place the port-a-potty in a position where patrons of same would not be exposed to the danger of vehicular traffic.

In March 2020, AIC filed a motion for summary judgment alleging a lack of coverage on the bases that both an exclusion and an endorsement within the CGL policy issued to Goudeau barred coverage for plaintiff's claims. AIC contended the incident made the basis of the instant litigation involves an injury to an employee, contractor and/or employee of the contractor, which is specifically and unambiguously excluded under Endorsement Form 3013, styled "Exclusion – Injury to Employees, Contractors & Employees of Contractors" (Employees and Contractors exclusion). AIC argued there is no genuine issue of material fact that plaintiff's claims are for bodily injury he suffered while performing work on the construction site for Goudeau through Southern Tile; thus, AIC's Employees and Contractors exclusion barred coverage for plaintiff's claims against Goudeau.

Alternatively, AIC contended there is no coverage for plaintiff's claims because Goudeau failed to comply with conditions set forth in its Endorsement Form 3007, entitled "Contractors Special Conditions" ("Contractors Special Conditions endorsement"), which provides:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILTY COVERAGE FORM**

The following is added to **SECTION IV – COMMERICAL GENERAL LIABILITY CONDITIONS:**

**Contractors**

As a condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work performed by independent contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit":

(1) Received a written indemnity agreement from the independent contractor holding the insured harmless

2

for all liabilities, including costs of defense, arising from the work of the independent contractor;

(2) Obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $500,000 per occurrence;

(3) Obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and

(4) Obtained proof that all licenses as required by local and/or state statute, regulation, or ordinance are up to date.

The insured must maintain the records evidencing compliance with paragraphs (1) through (4) above for a minimum of five years from the expiration date of this policy. If coverage indicated under (2) and (3) above are not maintained, we shall have no obligation to defend or indemnify any insured for work performed by independent contractors on your behalf represented by the certificates of insurance referenced in (2) and (3) above.

The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to the insured under paragraph (2).

AIC asserted that prior to commencement of any work on the premises, its Contractors Special Conditions endorsement required Goudeau to adhere to the terms of the endorsement and obtain the requisite documents from subcontractors he obtained for the job as a condition of coverage for any claim for damage based, in whole or in part, upon work performed by independent contractors. It argued that the current matter arises directly from work performed by subcontractors selected, hired, and supervised by Goudeau, as American Glass was retained as a subcontractor by Goudeau, and Fritz, the employee who struck plaintiff with a vehicle, was an employee of American Glass at the time of the incident. Further, Southern Tile was retained as a subcontractor by Goudeau, and plaintiff was retained by Southern Tile at the time of the incident.

3

AIC alleged that with regard to its Contractors Special Conditions endorsement, Goudeau had not obtained any of the requisite documents and had not provided any evidence of certificate of liability insurance naming Goudeau as an additional insured from the subcontractors, which includes Southern Tile and American Glass; thus, there is no coverage for plaintiff's claims because Goudeau failed to comply with AIC's Contractors Special Conditions endorsement. It offered Goudeau's deposition wherein he admitted the conditions for coverage under AIC's policy were not met.

Finally, AIC asserted the conditions precedent to coverage requiring Goudeau to obtain particular indemnity agreements from subcontractors performing work on the construction project, as well as to obtain status as an additional insured under those subcontractors' insurance policies, were held to be lawful in *Sasser v. Wintz*, 11-2022 (La.App. 1 Cir. 9/4/12), 102 So.3d 842.

Plaintiff, as well as defendants, American Glass and National Trust, filed memoranda in opposition. Said oppositions mainly argued the Employees and Contractors exclusion was ambiguous and the Contractors Special Conditions endorsement was unlawful under La.R.S. 9:2780.1 of the Louisiana Anti-Indemnity Act.

At the hearing held on June 3, 2020, Goudeau appeared pro se and presented the trial court with an Affidavit in Opposition to Summary Judgment, wherein he attested:[3]

> That he has enrolled as additional counsel (Pro Se) for **CHARLES GOUDEAU GENERAL CONTRACTOR** in these proceedings for the reason that he lacks to [sic] funds to retain private counsel to represent him in this matter.

---

[3] Counsel for Goudeau, retained by AIC, was also present at the hearing under a reservation of rights not to defend Goudeau against any insurance coverage issues.

4

That he opposes the Motion for Summary Judgment filed by **ACCIDENT INSURANCE COMPANY (AIC)** and incorporates the oppositions filed by Plaintiff, **MITCHELL BAUDOIN and AMERICAN GLASS AND MIRROR, INC**.

That he had no funds to respond to any judgment rendered against him in this matter and that his only assets are his family home and his work vehicle.

At the conclusion of the hearing, the trial court rejected AIC's contention the Employees and Contractors exclusion barred coverage but accepted AIC's contention the Contractors Special Conditions endorsement barred coverage for plaintiff's claims against Goudeau. It stated, in part:

I find that there's still some ambiguity whether [plaintiff] would be considered an employee, a contractor, or subcontractor, or an independent contractor. There's some disagreement between the parties as to where he actually qualifies or what his title would have been to fall -- to see whether or not he's excluded.

So, at this time, I don't find that that exclusion applies to him specifically right now, because there's still a lot of ambiguity with regards to what his position was and whether he would be excluded with regards to that portion of the policy.

But I think -- and correct me if I am wrong -- the other condition makes the policy unapplicable because the policyholder didn't provide the proper documents.

The instant suspensive appeal, filed by plaintiff, followed.[4] In his sole assignment of error, plaintiff asserts:

The trial court was in error in ruling that since Mr. Goudeau was unable to produce evidence that there was Insurance Certificates for the subcontractors, that Mr. Goudeau would not be provided with coverage under the AIC policy because he did not comply with the Contractors Special Condition. This special condition is not allowed under Louisiana Revised Statute[s] 9:2780.1.

---

[4] An appellate brief was also filed by American Glass and National Trust supporting plaintiff's appeal.

5

A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(A). The burden is on the mover to establish that no material fact exists but, where the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that a genuine issue of material fact exists such that summary judgment is not appropriate. *Id.*

Summary judgments are reviewed on appeal de novo. *Dunn v. City of Kenner*, 15-1175 (La. 1/27/16), 187 So.3d 404. Appellate courts use the same criteria as the trial court and ask the same questions: Is there any genuine issue of material fact, and is the movant entitled to judgment as a matter of law? *Id.*

Our supreme court reviewed the principles of insurance contract interpretation in *Green ex rel. Peterson v. Johnson*, 14-292, p. 4 (La. 10/15/14), 149 So.3d 766, 770-71, explaining:

> [C]ertain elementary legal principles apply in analyzing an insurance policy. First and foremost is the rule that an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. According to those rules, the responsibility of the judiciary in interpreting insurance contracts is to determine the parties' common intent; this analysis is begun by reviewing the words of the insurance contract. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent, and courts must enforce the contract as written. The determination of whether a contract is clear or ambiguous is a question of law. *See Sims v. Mulhearn Funeral Home, Inc.*, 07-0054 (La. 5/22/07), 956 So.2d 584, 589-90.

In addition, exclusionary language in insurance contracts is strictly construed against the insurer, and any ambiguity is construed in favor of the insured. *Latour v. Allstate Ins. Co.*, 18-395 (La.App. 3 Cir. 12/28/18), 262 So.3d 1088. Yet, the rule requiring strict construction of an insurance contract against an insurer does not authorize perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. *Id.* "Moreover, insurance companies have the right to limit coverage in any manner they choose, if the limitations imposed do not conflict with statutory provisions or public policy. *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180." *Latour*, 262 So.3d at 1091-92.

Plaintiff contends La.R.S. 9:2780.1 applies to insurance contracts and, consequently, the Contractors Special Conditions endorsement contained in AIC's policy is unlawful. Thus, the trial court erred in granting summary judgment, ruling there is no coverage for plaintiff's claims against Goudeau under AIC's CGL policy. We disagree.

Louisiana Revised Statutes 9:2780.1 governs defined motor carrier transportation and construction contracts. It prohibits provisions or agreements which require an indemnitor to indemnify, defend, or hold harmless an indemnitee for liability or damages resulting from the indemnitee's own negligence or intentional acts or omissions. Louisiana Revised Statutes 9:2780.1 provides, in pertinent part:

> B. Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a motor carrier transportation contract or construction contract which purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending, or holding harmless, the indemnitee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the indemnitee, an agent or employee of the indemnitee, or a third party over which the indemnitor has no control is contrary to the public policy of this state and is null, void, and unenforceable.

7

Despite plaintiff's insistence, we find no merit to the contention that La.R.S. 9:2780.1 renders each condition of the insurance contract at issue herein unlawful. While subsection (B) of La.R.S. 9:2780.1 prohibits indemnity agreements, subsection (C) expressly permits additional insured contracts, stating, in relevant part: "[N]othing in this Section shall be construed to prevent the indemnitee from requiring the indemnitor to provide proof of insurance for obligations covered by the contract." Thus, we find that La.R.S. 9:2780.1(C) applies such that the insurance contract between AIC and Goudeau contained a lawful condition wherein Goudeau was required to be named as an additional insured on his subcontractors' insurance policies. In Goudeau's deposition that AIC offered in support of its motion for summary judgment, Goudeau offered no proof that any of the Contractors Special Conditions were met. In fact, he admitted the conditions were not met.

Finally, as pointed out by AIC, the conditions precedent to coverage requiring Goudeau to obtain particular indemnity agreements from subcontractors performing work on the construction project, as well as to obtain status as an additional insured under those subcontractors' insurance policies, were held to be lawful in *Sasser*, 102 So.3d 842. In *Sasser*, "a building inspector for the Iberville Parish Council fell when a set of temporary steps became detached from the house frame while he was ascending them to enter a home being constructed[.]" *Id*. at 845. The injured inspector filed suit against the general contractor and its liability insurer, among others. The liability insurer moved for summary judgment claiming a lack of coverage. The CGL policy at issue therein contained the following Contractors Special Conditions endorsement which expressly modified insurance coverage:

> As a condition precedent to coverage for any claim or injury or damage
> based, in whole or in part, upon work performed by independent

8

contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit:"

(1) received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work of the independent contractor;

(2) obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $500,000.00 per occurrence[.]

*Id.* at 850-51.

In his deposition, the general contractor admitted his contract with the subcontractor was verbal—there was no written indemnity agreement—and though he required the subcontractor to provide him with a certificate of insurance, "the coverage was for $300,000[,]" significantly less than the amount required. *Id*. at 851. Thus, the liability insurer's motion for summary judgment was upheld with our colleagues on the first circuit explaining:

> The initial burden to establish that a claim falls within the policy coverage is on the plaintiff. *Evins v. Louisiana Farm Bureau Mutual Insurance Company*, 04-0282, p. 3 (La.App. 1st Cir. 2/11/05), 907 So.2d 733, 734. In opposition to [the liability insurer's] motion for summary judgment, the plaintiffs and intervenor simply alleged that [the subcontractor] should be held to be an employee so that the aforementioned limitations of coverage for an independent contractors would not apply. On appeal, they acknowledge that [the insured] "failed to receive any sort of indemnity agreement and failed to obtain $500,000.00 in insurance from [the] subcontractor."
>
> However, if the wording of the policy is clear and expresses the parties' intent, the policy must be enforced as written. This rule is applicable even to policy provisions that limit the insurer's liability or place restrictions on policy obligations. *McQuirter v. Rotolo*, 11-0188, p. 8 (La.App. 1st Cir. 9/14/11), 77 So.3d 76, 80. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose and enforce reasonable conditions on the policy obligations they contractually assume. *McDonald v. American Family Life Assurance Company of Columbus*, 10-1873, p. 6 (La.App. 1st Cir. 7/27/11), 70 So.3d 1086, 1090. Accordingly, as the conditions for coverage under the [liability] policy clearly were not met, we find that the trial court did not err in granting summary judgment in favor of [the liability insurer].

*Id.*

Just as the general contractor in *Sasser* failed to satisfy the conditions associated with his liability policy, the conditions for coverage under the Contractors Special Conditions of the AIC policy at issue herein were not met by Goudeau. Thus, we find the trial court did not err in granting AIC's motion for summary judgment and dismissing plaintiff's claims against it.

## DECREE

For the reasons assigned, the judgment of the trial court is affirmed. Costs are assessed to plaintiff/appellant.

**AFFIRMED.**