572 So.2d 221 (1990)
James J. PIERCE, Jr. and Rebecca Belle Walker Pierce
v.
AETNA LIFE AND CASUALTY INSURANCE COMPANY and John Doe.
No. CA 89 1574.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
Paul J. Guilliot, Lafayette, for plaintiffs, appellees.
James B. Supple and Philip J. Vidros, III, Franklin, for defendant, appellant Aetna Cas. & Sur. Ins. Co.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
Defendant, Aetna Casualty & Surety Co. (Aetna) appeals from the judgment of the trial court in favor of plaintiffs, James J. and Rebecca W. Pierce, Jr., for personal injury damages and loss of consortium, respectively. We affirm.

FACTS
Mr. Pierce was injured in a hit and run accident which occurred on a four-lane highway. He alleges the accident was caused by the driver of an overtaking pickup truck which crossed into his lane, struck the left front fender of his vehicle, and forced him onto the shoulder of the road into impact with a parked tractor trailer. The driver of the pickup truck was never identified, so Pierce filed a claim for damages against Aetna, his uninsured motorist *222 carrier. His wife filed a claim for loss of consortium.[1] Aetna admitted that it provided plaintiffs with uninsured motorist coverage, but denied liability, contending that there was no physical impact between the pickup truck and Pierce's vehicle. There were no eyewitnesses to the accident. The trial judge found that plaintiff proved, by a preponderance of the evidence, the fact prerequisite to his recoverythat contact had occurred between the phantom pickup truck and plaintiff's vehicle and rendered judgment against Aetna and in favor of James Pierce and Rebecca Pierce for the sum of $88,236.90 and $12,500.00, respectively.

BURDEN OF PROOF
At the time of the accident, it was consistently held that, in order to recover, a plaintiff must show either that there was physical contact under the "hit and run" definition of the insurance policy or the identity of the operator of the phantom vehicle.[2]Lemieux v. Prudential Insurance Company, 416 So.2d 1347 (La.App. 1st Cir.), cert. denied, 420 So.2d 454 (La. 1982). The burden of proof is on the plaintiff to prove, by a preponderance of the evidence, every fact essential to his cause of action. See Hensley v. Government Employees Insurance Company, 340 So.2d 603 (La.App. 1st Cir. 1976). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Butler v. Baber, 529 So.2d 374 (La.1988); Scott v. Acadian Concrete Company, Inc., 516 So.2d 446 (La.App. 1st Cir.1987), cert. denied, 520 So.2d 751 (La.1988).
Aetna contends that the trial judge erred in finding that plaintiff carried his burden of proving physical impact with a phantom vehicle by a preponderance of the evidence.

THE EVIDENCE
The record contains the following evidence pertaining to the issue of whether the requisite impact had occurred:
1. The plaintiff testified, unequivocally, that the phantom vehicle impacted his vehicle.
2. The investigating police officer testified that Pierce told him that the accident occurred when he attempted to avoid impact with the phantom vehicle. He also testified that he did not ask Pierce whether he was successful in avoiding impact, and that Pierce did not state whether impact had actually occurred. The officer further testified that the damage to Pierce's vehicle upon impacting the parked tractor rig was so extensive that one would be unable to determine if there had been damage caused by a separate impact with the phantom truck. When questioned by the trial judge, the officer testified quite frankly that he had no idea whether impact had occurred.
3. Aetna's claims agent specialist, Mrs. Leslie Chaney, testified regarding her investigation of the accident. Approximately twelve days after the accident, she spoke with Pierce by telephone; this conversation was not recorded. Instead, she took shorthand notes, which she later changed to longhand notes. At trial, her testimony was based on the longhand notes; the shorthand notes had been thrown away. Prior to lunch, she testified that the notes reflected exactly what Pierce had relayed to her. Regarding physical impact, her notes state: "He took shoulder of road to avoid hitting P/U truck ..." After lunch, she testified that, despite the absence of such statement, she now had independent recollection that plaintiff had told her that *223 no impact had occurred with the phantom truck.
When a finding of fact is based on a determination regarding the credibility of witnesses, the factfinder at trial has the benefit of viewing variations in demeanor and tone of voice that bear heavily on its understanding and belief in what is said. Rosell v. Esco, 549 So.2d 840, 844 (La. 1989). In evaluating and weighing the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even when the witness is the plaintiff, absent a sound reason for its rejection. Johnson v. Insurance Company of North America, 454 So.2d 1113 (La.1984); Green v. Cement Products Services, Inc., 526 So.2d 493 (La.App. 1st Cir.1988).
After hearing the testimony of the witnesses, the trial judge concluded that more probably than not, physical impact had occurred. The trial judge noted the inconsistencies in Mrs. Chaney's testimony and also found it "extraordinary that (she) would have such a total recall of information not written down two years prior...." The trial judge found Pierce's testimony to be "extremely honest and forthright," and stated he was impressed by the plaintiff's demeanor. While he found the police officer's testimony to be very honest, he found that the officer had no idea whether impact had occurred.

STANDARD OF REVIEW
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is clearly wrong. Rosell v. Esco, 549 So.2d 840 (La.1989). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
The trial judge's role, as factfinder, was to determine whether the phantom truck actually impacted Pierce's vehicle. In his reasons for judgment, the trial judge stated: "Based on the testimony of Mr. Pierce, which is uncontroverted to the belief of this Court, there was in fact an impact which occurred between the phantom vehicle and the vehicle driven by Mr. James T. Pierce...." The trial judge's finding is expressly based on his decision to credit the testimony of one of two or more witnesses; such a finding can virtually never be manifestly erroneous. Rosell, 549 So.2d at 845 (La.1989). Furthermore, where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. Arceneaux, 365 So.2d at 1333 (La.1978). When a finding of fact is based on a determination regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings. Rosell, 549 So.2d at 845 (La.1989). If the trial court's finding is reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106 (La.1990).
Applying the manifest error standard in the instant case, we find that the trial court's finding that, more probably than not, impact had occurred is reasonable, in light of the evidence before us. Absent manifest error, we are constrained to affirm.

DAMAGES
Aetna contends that the trial court abused its discretion in awarding Mr. Pierce general damages in excess of $84,000 and in awarding Mrs. Pierce $12,500 for loss of consortium. An abuse of trial court discretion must be clearly demonstrated before an appellate court will tamper with an award of general damages. Boswell v. Roy O. Martin Lumber Company, Inc., 363 So.2d 506 (La.1978); Creel v. S.A. Tarver & Son Tractor Company, 537 So.2d 752 (La.App. 1st Cir.1988). We find the evidence in the record regarding Mr. Pierce's injuries and the pain he has suffered as a result of the accident sufficient to support the general damages award. *224 The loss of consortium award depends greatly upon a party's demeanor and will not be set aside absent obvious abuse of discretion. Schwamb v. Delta Air Lines, Inc., 516 So.2d 452 (La.App. 1st Cir.1987), cert. denied, 520 So.2d 750 (La.1988). While we find the award of $12,500 for Mrs. Pierce's loss of consortium to be somewhat generous, we do not find that it constitutes an obvious abuse of discretion. Accordingly, the judgment of the trial court is affirmed. Defendant, Aetna, is cast with all costs of this appeal.
AFFIRMED.
NOTES
[1] Tri-Parish Contractors, Inc., owner of the tractor trailer, was originally named as a defendant, but was dismissed by plaintiff prior to the trial on the merits.
[2] The accident occurred on February 6, 1987. In 1987, the uninsured motorist statute was amended to codify this jurisprudential rule. LSA-R.S. 22:1406(D)(1)(d)(i); 1987 La.Acts 439. The most recent amendment, in 1990, permits recovery of property damage even if there is no physical contact, if the insured can show by an independent and disinterested witness that the injury was the result of the actions of the driver of another vehicle. LSA-R.S. 22:1406(D)(1)(d)(i); 1990 La.Acts 677.