907 So.2d 733 (2005)
Kelli EVINS
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, et al.
No. 2004 CA 0282.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
Steve Joffrion, Prairieville, for Plaintiff-Appellant Kelli Evins.
Kirk A. Patrick, III, Holly J. Quick, Baton Rouge, for Defendants-Appellees Louisiana Farm Bureau Mutual Ins. Co. and Louisiana Farm Bureau Casualty Ins. Co.
Before: PARRO, KUHN, and WELCH, JJ.
PARRO, J.
The plaintiff in this action appeals from a summary judgment in favor of an insurance company on the issue of coverage relative to an umbrella policy of insurance. For the following reasons, we affirm.

Factual Background and Procedural History
While a pedestrian in a marked crosswalk on the campus of Louisiana State University in Baton Rouge, Louisiana, on October 5, 2001, Kelli Evins (Evins) was hit by a 1998 Ford Expedition owned by Alton J. Landry (Alton) and driven by his son, Brandon Landry (Brandon). The vehicle was insured under a policy with Progressive *734 Security Insurance Company (Progressive Security).
In connection with this accident, Evins filed suit against Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company (collectively Farm Bureau) based on its issuance of a comprehensive automobile policy and an umbrella policy of insurance to Alton. Following the filing of an exception raising the objection of no cause of action, Brandon was added as a defendant by an amended petition. Farm Bureau later filed a motion for summary judgment on the issue of coverage relative to the auto and umbrella policies. After reviewing those policies, the trial court granted summary judgment in favor of Farm Bureau. Evins appealed. Subsequently, she conceded that the comprehensive automobile policy did not provide coverage for the accident, because the Expedition was not listed as a covered vehicle on the declarations page of that policy. Thus, the dispute on appeal relates solely to the umbrella policy, which Evins urged provided liability coverage for the ownership, use, and operation of the Expedition, since Brandon was a resident relative of Alton's household.

Discussion
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the district court's determination of whether summary judgment is appropriate. Schwehm v. Jones, 03-0109 (La.App. 1st Cir.2/23/04), 872 So.2d 1140, 1144. The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Johnson v. Allstate Ins. Co., 95-1953 (La.App. 1st Cir.5/10/96), 673 So.2d 345, 347, writ denied, 96-1292 (La.6/28/96), 675 So.2d 1126.
The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2); Clark v. Favalora, 98-1802 (La.App. 1st Cir.9/24/99), 745 So.2d 666, 673.
Louisiana law places the burden on the plaintiff to establish every fact essential to recovery and to establish that the claim falls within the policy coverage. Ho v. State Farm Mutual Auto Ins. Co., 03-0480 (La.App. 3rd Cir.12/31/03), 862 So.2d 1278, 1281, citing Pierce v. Aetna Life and Casualty Ins. Co., 572 So.2d 221, 222 (La.App. 1st Cir.1990). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1010.
The umbrella policy provided liability coverage over and above a retained limit of $300,000, as follows:
I. INSURING AGREEMENTS
A. COVERAGE:
The COMPANY agrees to indemnify the INSURED for ultimate net loss in excess of the retained limit which the *735 INSURED shall become legally obligated to pay.
1. Personal Liability. As damages because of personal injury or property damage caused by or arising out of an occurrence happening anywhere in the world during the policy period[.]
The policy defines the term "insured" to include the named insured and any relative of the named insured. It is undisputed that Brandon qualified as an insured under the umbrella policy.
The Expedition was an "owned auto," but admittedly did not have underlying coverage with Farm Bureau, as required by the umbrella policy. In an attempt to circumvent this requirement, Evins referenced the following language in paragraph H of the "CONDITIONS" section of the umbrella policy titled "Maintenance of Underlying Insurance":
In the event of failure by the INSURED so to maintain such policies or to meet all conditions ... the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force.
Evins maintained that the Farm Bureau insurance agent made an error in preparing the policies and failed to secure underlying coverage with Farm Bureau for the Expedition. However, the named insured, Alton, stated in an affidavit submitted in support of Farm Bureau's motion for summary judgment that he once had coverage on the Expedition with Farm Bureau pursuant to his comprehensive automobile policy. Alton averred that because of an increase in the insurance premium, the Expedition was removed from the comprehensive auto policy, as well as the umbrella policy, on October 19, 1999, when he obtained a policy of insurance from Progressive Security to cover this vehicle.
Moreover, we conclude that Evins' reliance on the quoted language from paragraph H of the "CONDITIONS" section of the umbrella policy is misplaced. A review of the entire paragraph[1] reveals that the "failure to maintain" language relied on by Evins in this paragraph pertains only to those policies that are referenced in the related schedule of underlying insurance, that is, comprehensive automobile policy number C 703731 and homeowner's policy number HO224043. In other words, those policies actually listed on the underlying schedule of insurance must be maintained in full force during the policy period; however, if they are not, the umbrella policy will afford coverage as though those policies had been properly maintained in force.
Evins' argument is further flawed, in that Endorsement # 13 to the umbrella policy, titled "Automobile Liability Following Form," limits coverage under the umbrella policy as follows:
Except to the extent that coverage is available to the insured in the underlying policies as stated in the schedule of underlying insurance, this policy does not apply to the ownership, maintenance, operation, use, loading or unloading *736 of any automobile while away from premises owned by, rented to, or controlled by the insured.
In the schedule of underlying insurance prepared in connection with Alton's umbrella policy, we have previously noted that only policy numbers C 703731 and HO224043 are listed. The Progressive Security policy, which provides coverage for the Expedition, is not listed.
Based on the above analysis, we agree with Farm Bureau, as did the trial court, that since the umbrella policy only provides coverage for damages sustained in excess of the policies listed on the schedule of underlying insurance, and the Expedition's policy is not listed on the schedule of underlying insurance, there is no coverage under the umbrella policy for the damages sustained by Evins. Since there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded, we conclude that the trial court properly entered summary judgment on the issue of coverage in favor of Farm Bureau.

Decree
For the foregoing reasons, the judgment of the trial court is affirmed at Kelli Evins' costs.
AFFIRMED.
NOTES
[1] Paragraph H provides:

Maintenance of Underlying Insurance. It is a condition of this insurance that the underlying policies listed in the schedule of underlying insurance or renewals or replacements thereof not more restricted, shall be maintained in force as collectible insurance during the currency of this policy, except for any reduction of the aggregate limit contained therein solely for payment of claims in respect of occurrence happening during the policy period. In the event of failure by the INSURED so to maintain such policies or to meet all conditions subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force.